[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2006
THOMAS K. KAHN
CLERK

No. 05-16542
Non-Argument Calendar

_____

D. C. Docket No. 04-20234-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ALBERTO GODINEZ-SANTOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 30, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Jorge Alberto Godinez-Santos appeals his 57–month sentence for illegally

reentering the United States after being deported subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Godinez-Santos contends that the district court failed to adequately consider the factors in 18 U.S.C. § 3553(a) and imposed an unreasonable sentence.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must consider (1) the correctly calculated sentencing range under the advisory guidelines and (2) the factors set forth in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The factors in § 3553(a) include among others: "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range." United States v. Scott, 426 F.3d 1324, 1328–29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Id. at 1329. Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice. Id. at 1329–30; Talley, 431 F.3d at 786.

We review a defendant's sentence for reasonableness in light of the § 3553(a) factors. See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). "Review for reasonableness is deferential. . . . and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

Godinez-Santos contends that at resentencing the district court failed to take into account the § 3553(a) factors, including his "history and characteristics, as well as the circumstances of his offense." Br. of Appellant at 8. Specifically, he contends that the district court failed "to take adequate account of the unique circumstances of Godinez-Santos' distant criminal background, and the manner in which he turned his life around." Id. at 9.

The district court did, however, consider all of these arguments at resentencing and stated: "I've reviewed the history and characteristics of this defendant and the nature of the circumstances of the offense." The court then recounted Godinez-Santos' criminal and personal history and noted: "I understand that since that time . . . the defendant has changed and has not committed any

3

additional crimes and has led a productive life but that sort of misses the point." He continued, "[t]he point is that the policies behind the guidelines put[] a heavy penalty for reentering this country at all after committing a crime of violence like manslaughter. It's the policy of this country not to allow a person who's a convicted felon of a crime of violence back in the country without permission." He concluded: "That's what I find to be compelling and most important in this case in order to reflect the seriousness of this offense and to provide just punishment." The court indicated that it was sympathetic to Godinez-Santos' history "but it doesn't in any way . . . reasonably mitigate the fact that this defendant has a very high criminal history category."

The court could not be more clear: "So, again, I have considered the statements of the parties, the presentence report which contains the advisory guidelines, as well as the factors set forth in Title 18 United States Code § 3553(a) 1 through 7. For the reasons I've stated, I'll impose a sentence at the low end of the advisory guidelines, finding it fair and reasonable."

Godinez-Santos' claim that the district court failed to take into account the § 3553(a) factors is just wrong. There is no basis in the district court's statements for a conclusion to the contrary.

Likewise, the claim that the 57–month sentence is unreasonable also fails.

4

See <u>Talley</u>, 431 F.3d at 788.  The district court correctly calculated the advisory guidelines range and indicated that it had considered the § 3553(a) factors.  <u>Id.</u> at 786.  It imposed a sentence at the bottom of the guidelines range and less than one–fourth of the statutory maximum of 20 years imprisonment, both of which are indications of a reasonable sentence.  <u>See</u> <u>id.</u> at 788; <u>Winingear</u>, 422 F.3d at 1246 (comparing the sentence imposed to the statutory maximum in determining its reasonableness); 8 U.S.C. § 1326(b)(2).  Under our deferential review, and in light of the record in this case as well as the § 3553(a) factors, we find that Godinez-Santos' 57–month sentence is reasonable.

   **AFFIRMED.**